UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Philip G. Barry,                                                       Case No. 1:17-cv-03078 (AMD)

        Appellant,

   v

Thomas Perkins and Sally Perkins,

        Appellees.

-------------------------------------------------------X

# APPELLEES' BRIEF

JARED RICH, Esq.
44 Court Street Suite 917
Brooklyn, NY 11201
347-875-7424
*Attorneys for Appellees*
*Thomas Perkins and Sally Perkins*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................ iii

STATEMENT OF THE ISSUES....................................................................................... 1

    1. Whether the Bankruptcy Court properly determined that a real property foreclosure action against the Debtor was not a violation of the Automatic Stay contained in 11 U.S.C.§ 362, when the foreclosure was prosecuted after the Chapter 7 Trustee abandoned the real property, after a voluntary waiver of discharge was executed by the Appellant-Debtor and after Appellee's prior motion to lift stay was deemed by the Court to be moot because the property was abandoned by the Trustee? ..................................................... 1

    2. Whether the Bankruptcy Court properly determined that a deficiency judgment obtained by Appellee against the Appellant in connection with the real property foreclosure was not a violation of the Automatic Stay contained in 11 U.S.C.§ 362, when the judgment was sought after the Chapter 7 Trustee abandoned the real property, after a voluntary waiver of discharge was executed by the Appellant-Debtor, and after the Bankruptcy case was closed? ...................................................................... 1

    3. Whether the Bankruptcy Court properly determined that a voluntary waiver of discharge terminates the Automatic Stay imposed by 11 U.S.C. § 362? ................................................................................................. 1

    4. Whether the Rooker-Feldman Doctrine bars the Bankruptcy Court from reviewing the State Court Judgments complained of by Appellant? ................. 1

STATEMENT OF THE CASE.......................................................................................... 1

STATEMENT OF THE FACTS....................................................................................... 3

ARGUMENT...................................................................................................................... 5

    I.    The Automatic Stay terminated when the Appellant waived discharge ........ 5

        A.    A waiver of discharge has the same legal effect as a denial of discharge........................................................................................... 5

    II.    The Appellees did not violate the Automatic Stay by filing and prosecuting the foreclosure in state Supreme Court .............................. 6

i

|   |   |   |
|---|---|---|
| III. | The Appellees did not violate the Automatic Stay by seeking a deficiency judgment against Appellant in State Supreme Court……………….. | 8 |
| IV. | The Appellant's claims are barred by the Rooker-Feldman Doctrine ………. | 9 |

CONCLUSION………………………………………………………………………………………. 11

# TABLE OF AUTHORITIES

Cases:

*In re Sean Dunne,* Bankr. D. Conn., Case No. 13-50484, 2015 WL 7625609 .......... 6

*In re Lawrence and Julie Salander,* 472 B.R. 213, 219-220 (Bankr. SDNY 2012) ... 7

*In re Buckskin Realty Inc.*, 2016 WL 5360750 (Bankr. EDNY 2016) .................... 9, 10

*Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) ………………………..... 10

*Hoblock v. Albany Cty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) …………… 10

Statutes:

11 USC § 362(c)(2) ……………………………………………………………… 1, 2, 5, 6,

11 U.S.C. § 727 (a) (10) ……………………………………………………….. 6

## STATEMENT OF THE ISSUES

1. Whether the Bankruptcy Court properly determined that a real property foreclosure action against the Debtor was not a violation of the Automatic Stay contained in 11 U.S.C.§ 362, when the foreclosure was prosecuted after the Chapter 7 Trustee abandoned the real property, after a voluntary waiver of discharge was executed by the Appellant-Debtor and after Appellee's prior motion to lift stay was deemed by the Court to be moot because the property was abandoned by the Trustee?

2. Whether the Bankruptcy Court properly determined that a deficiency judgment obtained by Appellee against the Appellant in connection with the real property foreclosure was not a violation of the Automatic Stay contained in 11 U.S.C.§ 362, when the judgment was sought after the Chapter 7 Trustee abandoned the real property, after a voluntary waiver of discharge was executed by the Appellant-Debtor, and after the Bankruptcy case was closed?

3. Whether the Bankruptcy Court properly determined that a voluntary waiver of discharge terminates the Automatic Stay imposed by 11 U.S.C. § 362?

4. Whether the Rooker-Feldman Doctrine bars the Bankruptcy Court from reviewing the State Court Judgments complained of by Appellant?

## STATEMENT OF THE CASE

This adversary proceeding involves the foreclosure of real property located at 8126 Fifth Avenue, Brooklyn, New York a/k/a 477 82nd Street, Brooklyn, New York (the "Real Property"). The foreclosure involved a Purchase Money Mortgage made by Appellant and delivered to

Appellees on May 19, 2006. (the "Mortgage"). (ECF Docket 3, p. 197).

Subsequent to the execution and delivery of the Mortgage, on October 31, 2008, Appellant filed a voluntarily petition for Chapter 7 Bankruptcy (the "Bankruptcy"). By Stipulation so ordered October 13, 2010, Appellant- Debtor Philip Barry voluntarily waived the entry of a discharge in his case. (ECF Docket 3, p. 180). By Trustee's Notice of Abandonment Under Bankruptcy Code § 554, the Chapter 7 Trustee abandoned the bankruptcy estate's interest in the Real Property as of May 19, 2010. (ECF Docket 3, p. 182).

By Notice of Motion dated January 19, 2012, the Appellees moved the Bankruptcy Court for an order lifting the Automatic Stay contained in 11 U.S.C.§ 362 (the "Automatic Stay") so that they could commence foreclosure proceedings in connection with the Mortgage on the Real Property. (ECF Docket 368). By Order dated January 31, 2012, Appellees motion for relief from the stay was deemed moot as "the property in the Motion has been abandoned by the Trustee. Therefore the motion is moot and no relief is necessary" (ECF Docket 3, p. 183).

Relying upon the Bankruptcy Court's consideration and determination of their motion to lift the stay as moot and not necessary, the Appellees thereafter commenced and prosecuted a foreclosure action in Supreme Court, Kings County.

By Final Decree dated November 8, 2013, the Chapter 7 case was closed, and the Trustee was discharged. (ECF Docket 3, p. 186).

The Appellees obtained a Judgment of Foreclosure and Sale in New York State Supreme Court on September 22, 2014. (ECF Docket 3, p. 219). Pursuant to that Judgment, a foreclosure auction was held in the Courthouse at New York State Supreme Court, Kings County. There being no higher bids, the Appellees made a credit bid of $1,800,000, and were deemed to be the successful bidder. A deficiency existed, since the successful bid was an amount substantially

short of the full amount due under the foreclosed Mortgage and Note. Accordingly, the Appellees thereafter pursued and obtained a deficiency judgment in the amount of $1,176,971.60 against Appellant in New York State Supreme Court, Kings County by Order dated April 5, 2016. (ECF Docket 3, p. 239).

On July 27, 2016, Appellant commenced an Adversary Proceeding within the closed Bankruptcy against the Appellees, alleging, *inter alia,* that the Appellees violated the Automatic Stay by prosecuting the foreclosure in State Supreme Court, and further violated the Automatic Stay by pursuing the deficiency judgment after the foreclosure auction resulted in a shortfall.

The Appellees moved to dismiss the Adversary Proceeding on the grounds that the Automatic Stay was not in effect against the Real Property during the prosecution of the foreclosure action, that the Real Property was abandoned by the Chapter 7 Trustee, the Rooker-Feldman Doctrine and Res Judicata. (ECF Docket 3, p. 101). By Order dated April 14, 2017, Hon. Nancy Lord Ordered that the Motion to Dismiss was granted, in part as per the record of the Hearing held on March 10, 2017, and adjourned for the balance of the motion to be heard. (ECF Docket 3, p. 405). The balance of the motion has not yet been decided.

## **STATEMENT OF THE FACTS**

Appellant Philip G. Barry is currently incarcerated in Fort Dix Federal Correction Institution, having been convicted of securities fraud which victimized over 800 people in a scheme that caused the media to label him "Brooklyn's Bernie Madoff".

Prior to his incarceration and the filing of the Bankruptcy Petition, on May 19, 2006, Appellant purchased the Real Property from the Appellees. (ECF Docket 3, p. 189). As part of that purchase, the Appellees took back a purchase money mortgage in the amount of $1,500,000

3

executed and delivered by Appellant. (ECF Docket 3, p. 197).

After the Appellant was arrested, and through the beginning of his imprisonment, multiple issues related to the Real Property arose. Among other things, unpaid real estate taxes and water charges began accruing, putting the building into jeopardy of loss to tax lien foreclosure. To protect the collateral of their mortgage, the Appellees liquidated their 401k savings, and were forced to pay $211,812 to satisfy the amount due to redeem the tax liens, including fees and penalties. (Affidavit of Perkins, ECF Docket 3, p. 117).

The recourse for the Appellees with regards to the unpaid Mortgage was to file a foreclosure in State Supreme Court. Before doing so, out of an abundance of caution, the Appellees filed a motion to lift the Automatic Stay so that they could commence the foreclosure. After being told by the Bankruptcy Court that the motion to lift the Automatic Stay was deemed moot since the property was abandoned by the Chapter 7 Trustee, the Appellees commenced and successfully prosecuted a mortgage foreclosure in New York State Supreme Court, Kings County. An Amended Judgment of Foreclosure and Sale was entered on September 22, 2014. (ECF Docket 3, p. 219). As of the date of the judgment, the amount due on the Mortgage was $2,485,980 plus interest, costs and legal fees in the amount of $130,031.50. (ECF Docket 3, p. 223)

Pursuant to the Judgment of Foreclosure, the Real Property was offered for auction, and, there being no higher offers, the Appellees were forced to secure their investment by making a successful credit bid of $1,800,000.00.

Pursuant to the successful bid at auction, by deed dated January 20, 2016, the Referee appointed in the foreclosure delivered a deed for the Real Property to the Appellees. (ECF Docket 3, p. 227)

4

Since the successful bid at auction was substantially short of the amount due under the Mortgage and Note, defendants moved for a deficiency judgment against the Appellant, which was entered in the amount of $1,176,971.60 by Order and Judgment of the Supreme Court dated April 5, 2016. (ECF Docket 3, p. 239).

## ARGUMENT

### I. The Automatic Stay terminated when the Appellant waived discharge

11 USC § 362(c)(2) provides that the Automatic Stay continues until the earliest of "(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 … the time a discharge is granted or denied."

Plaintiff's Chapter 7 bankruptcy has been closed since November 8, 2013 and the Court approved plaintiff's written waiver of discharge on October 12, 2010. Thus, per 11 USC § 362(c)(2), the automatic stay was terminated, at latest, when the case was closed on November 8, 2013. However, as explained below, since the Appellant executed a written waiver of discharge, the Automatic Stay was terminated as against the individual Appellant-Debtor when the stipulation waiving discharge was approved by the Bankruptcy Court on October 13, 2010.

### A. A waiver of discharge has the same legal effect as a denial of discharge.

Appellant argues that the language of 11 U.S.C § 362 does not provide for a waiver of discharge to terminate the Automatic Stay. (Appellant's Brief, p 21). Appellant points to 11 U.S.C. § 362(c)(2)(c), which states that the Automatic Stay continues until a discharge is either granted or denied, and argues that a waiver of discharge is not an approval or denial. (Appellant's

Brief, p 22)

Contrary to Appellant's contention, it has been found by the Bankruptcy Court that when a Debtor waives his discharge, the Automatic Stay does not apply to him. (*In re Sean Dunne,* Bankr. D. Conn., Case No. 13-50484, 2015 WL 7625609). That holding is consistent with the language of the Bankruptcy Code, as explained below.

11 U.S.C. § 727 (a), which governs discharges, provides that "The court shall grant the debtor a discharge, unless – (10) the court approves a written waiver of discharge executed by the debtor". Pursuant to that section, if a written waiver of discharge is approved, then the Court shall not approve a discharge. A discharge is either approved or denied. Since the Court shall not approve a discharge when a written waiver of discharge is approved, the only logical conclusion is to find that the written waiver must be considered, for the purpose of interpreting 11 U.S.C. § 362(c)(2)(c), to be the same as a denial of discharge. Accordingly, the Automatic Stay must be found to have terminated as to the individual Debtor when the waiver was approved by the Bankruptcy Court on October 12, 2010.

## II. The Appellees did not violate the Automatic Stay by filing and prosecuting the foreclosure in State Supreme Court

The Appellant alleges that the Appellees violated the Automatic Stay by filing and prosecuting the foreclosure action in New York State Supreme Court. (Appellant's Brief, p 9). However, the time line is clear, and the foreclosure action was only filed in New York State Supreme Court after the Appellant waived discharge in his case, after the Chapter 7 Trustee abandoned the Real Property, and after the Appellees made a motion to lift the automatic stay for the specific purpose of filing the foreclosure action in State Court. That motion was deemed

6

moot by the Bankruptcy Court because the Real Property was abandoned by the Trustee making the requested relief not necessary. (ECF Docket 3, p. 183). The Bankruptcy Court was well aware of the Appellees' intention to prosecute the foreclosure action against the Debtor-Appellant, and explicitly told the Appellees that its' request to lift the stay was not necessary in this case. There was nothing more that the Appellees could do to insure they would not be violating the Automatic Stay.

It has been held by the Bankruptcy Court that "[a]bandonment of property ends the bankruptcy court's jurisdiction to determine disputes concerning the property ... to remit claimants to the 'abandoned' assets to whatever remedies they have at state law. *In re Lawrence and Julie Salander,* 472 B.R. 213, 219-220 (Bankr. SDNY 2012). Here, once the property was abandoned, the Appellee pursued foreclosure, the proper state law remedy.

The Appellant argues that once the property was abandoned by the Trustee, that it reverts back to the Debtor and that the Automatic Stay remains in effect as to that property. (Appellant's Brief, p 12). Notably, none of the cases cited by Appellant involve a foreclosure commenced after the Court deemed a motion to lift the stay as moot because of abandonment. The Appellant further fails to cite any law to support his notion that the Automatic Stay remained in effect after the approval of the voluntary waiver of discharge, which, as argued above, should be found to be the date that the Automatic Stay was terminated as to the individual Debtor.

In the Record of the Hearing of March 28, 2017, Hon. Nancy Hershey Lord found that, "once the Trustee's property is abandoned there is no stay against the property of the estate. So that stay against the property no longer existed as of either April 22, 2010 … or the beginning of May, depending upon whether you measure if there's no objection if it reverts back to the day of the intention but in any event it was either late April or the beginning of May when … that

property was no longer property of the estate." (Transcript of March 28, 2017 hearing, ECF Docket 3, p 335.)

The record is clear and undisputable. The Chapter 7 Trustee abandoned the Real Property as of May 19, 2010. A discharge was waived by Appellant on October 13, 2010, and at that time the Automatic Stay terminated as against the individual Debtor. Out of an abundance of caution, the Appellees made a motion to vacate the Automatic Stay for the specific and sole purpose of filing the foreclosure. The Court deemed that motion moot because the Real Property had been abandoned. Since the Automatic Stay was terminated against the individual Debtor as of the time the written waiver of discharge was so-ordered, the Court was allowing the Appellee to pursue their foreclosure remedies in State Court, which they did. The Appellees simply took no actions that violated the Automatic Stay. There is no merit to Appellant's argument to the contrary.

### III. Appellees did not violate the Automatic Stay by seeking a deficiency judgment against Appellant in State Supreme Court

The Appellant argues that the Appellees further violated the Automatic Stay by pursuing a deficiency judgment after the foreclosure auction was held. The Appellant appears to argue that the inclusion of language seeking a deficiency judgment as one of the reliefs requested in the ad damnum clause of the foreclosure complaint is where the violation occurred. (Appellant's Brief, p 14)

In the Record of the Hearing of March 28, 2017, Hon. Nancy Hershey Lord succinctly summarized the simple, clear facts of this case, finding that, "[t]here's simply ... there was no automatic stay. This case was over, there was no automatic stay, there was no discharge. Any allegations that the defendants somehow violated the automatic stay are simply without merit."

8

(Transcript of March 28, 2017 hearing, ECF Docket 3, p 338).

The simple fact is that all actions taken by the Appellees with regards to the deficiency judgment were taken years after the bankruptcy case was closed, and years after the Automatic Stay was terminated. By its nature, a deficiency can only be determined to exist after an auction is held, since the deficiency is the amount that remains due, if any, to the foreclosing plaintiff after applying the amount of the successful bid at auction. Only once the deficiency amount is determined can any steps be taken towards obtaining the deficiency judgment. The foreclosure auction was held in December, 2015, two years after the Bankruptcy case was closed, and five years after the Appellant's voluntary waiver of discharge was approved. Thus, under any reading of when the Automatic Stay terminated, it was terminated by the time that the deficiency judgment was sought. Any allegation that the deficiency judgment violated the Automatic Stay is simply baseless.

## IV. The Appellant's claims are barred by the Rooker-Feldman Doctrine

In addition to the Appellant's claims having no basis since there was no violation of the Automatic Stay as detailed above, Appellant's claims are further barred by the Rooker-Feldman Doctrine.

The Rooker-Feldman Doctrine bars lower Federal Courts from reviewing State Court judgments. As explained by the Court, "[i]n the Second Circuit, Rooker-Feldman applies when the following conditions are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites district court review of the judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *In re Buckskin Realty Inc.*, 2016 WL 5360750 (Bankr. EDNY 2016)

9

Citing *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany Cty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

The Court has held that "[t]he key requirement in determining whether Rooker-Feldman applies is whether the federal court plaintiff complains of an injury caused by a state court judgment." *In re Buckskin Realty Inc* at 4 citing *Hoblock*, 422 F.3d at 87.

All four Rooker-Feldman conditions are satisfied in the instant action. For one, the Appellant has lost in the State Supreme Court foreclosure action, and by his complaint, is directly asking the court to vacate two state court judgments. Second, the Appellant complains of injuries caused by the two state court judgments. The third element is satisfied as well, since the entire complaint asks the Bankruptcy Court to review the various issues involved in the foreclosure action. Finally, the State Court foreclosure and deficiency judgments were rendered prior to the commencement of the adversary proceeding in Bankruptcy Court.

The Appellant's complaint is a direct attempt to have this court review state court judgments. Accordingly, the Rooker-Feldman doctrine should be found to apply and bar the Federal Court from reviewing the State Court foreclosure. While the Appeal should be denied because there simply was no violation of the Automatic Stay, application of the Rooker-Feldman Doctrine provides additional reason for denial.

## **CONCLUSION**

For all the foregoing reasons, the Appellees respectfully request that Appellant's appeal be dismissed in its entirety.

Dated:    December 5, 2018
             New York, New York

                        Respectfully submitted,

                        _____
                        Jared Rich, Esq.

                        **LAW OFFICE OF JARED RICH**
                        Attorney for Appellees
                        Thomas Perkins and Sally Perkins

                        44 Court Street, Suite 917
                        Brooklyn, New York 11201
                        (347) 875-7424

## CERTIFICATE OF SERVICE

      I, Jared Rich , hereby certify that I served a copy of APPELLEES' BRIEF via first class mail to the addresses listed below on this 5th day of December, 2018

Philip Barry
#77573-053
F.C.I. P.O. Box 2000
Joint Base MDL, NJ 08640

                                                          _____
                                                          Jared Rich