UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
PHILIP G. BARRY,

                Appellant,

           - against -

THOMAS PERKINS and SALLY PERKINS,

                Appellees.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**
17-CV-3078 (AMD)

ANN M. DONNELLY, United States District Judge:

On May 18, 2017, Philip Barry,[1] proceeding *pro se*, appealed Bankruptcy Judge Nancy E. Lord's April 14, 2017 Order in bankruptcy action No. 16-01135, granting the appellees' motion to dismiss the appellant's foreclosure and deficiency judgment claims. This appeal is the latest installment in a decade–long dispute over a building the appellees sold to the appellant in 2006. As part of the sale, the appellees issued a purchase money mortgage to the appellant for $1.5 million; the appellant defaulted on this loan, and when he filed for bankruptcy, the appellees became creditors to the bankruptcy estate. On July 27, 2016, the appellant brought an adversary proceeding claiming that the appellees violated the bankruptcy court's automatic stay when they initiated state foreclosure proceedings and sought a deficiency judgment. Judge Lord dismissed these claims, and the appellant appealed Judge Lord's dismissal order to this Court. For the following reasons, the Bankruptcy Court's decision is affirmed, and the appeal is dismissed.

---

[1] The appellant is currently serving a twenty year prison sentence for securities and mail fraud. *United States v. Barry*, 502 F. App'x 85, 86 (2d Cir. 2012) (summary order). In November of 2010, a jury found the appellant guilty of operating a "large-scale Ponzi scheme . . . for more than 30 years" that victimized over 800 people. *Id.* at 87. (R327.)

1

## BACKGROUND

On May 19, 2006, the appellees sold the appellant a building at 8126 Fifth Avenue in Brooklyn (the "Property"). (R197.)[2] As part of the sale, the appellees loaned the appellant $1.5 million pursuant to a purchase money mortgage note. (*Id.*) Two-and-a-half years later, in October 2008, the appellant filed a voluntary Chapter 11 bankruptcy petition,[3] which was assigned to Bankruptcy Judge Joel B. Rosenthal. (R180.) In January of 2009, Judge Rosenthal appointed Alan Nisselson the trustee of the bankruptcy estate. (*Id.*)

On April 19, 2010, pursuant to Section 554 of the Bankruptcy Code, the Trustee filed a notice that he intended to abandon the bankruptcy estate's interest in the Property because the Property was "encumbered by mortgage and tax liens in an aggregate amount far in excess of [its] value," and therefore had "inconsequential value" and burdened the estate. (R182); *see* 11 U.S.C. § 554(a). Objections to the abandonment were due by May 11, 2010; if there were no objections, the property would be marked abandoned on May 19, 2010. There were no objections to the abandonment. (R330.)

On October 12, 2010, the appellant voluntarily waived the entry of a discharge of his debts. (R181.) According to the stipulation, the appellant "made a conscious and informed decision to waive his discharge," and was "aware of the consequences of waiving his discharge." (*Id.*) Judge Rosenthal approved and ordered the stipulation on November 9, 2010. (*Id.*)

In January of 2012, the appellees, seeking to initiate proceedings to foreclose on the Property, moved to lift the automatic stay that went into effect when the bankruptcy was filed. *See* 11 U.S.C. § 362. The appellees specifically sought "relief from the automatic stay for

---

[2] "R__." cites refer to the appellant's appendix. (ECF No. 3.)

[3] The Chapter 11 bankruptcy proceeding was later converted into a Chapter 7 action.

purposes of commencing and prosecuting a foreclosure proceeding to protect [their] interests . . . in the Building and under the Mortgage Note." *In re Barry*, No. 08-47352, Dkt. No. 368 (Bankr. E.D.N.Y. Jan. 19, 2012). The Trustee did not object to the motion, and described the motion as moot because "the Trustee ha[d] already abandoned the estate's interest in the [Property]" in 2010. *In re Barry*, No. 08-47352, Dkt. No. 371 (Bankr. E.D.N.Y. Jan. 20, 2012). On January 31, 2012, Judge Rosenthal agreed with the Trustee, and marked the appellees' motion moot. Judge Rosenthal explained that "[t]he property listed in the Motion ha[d] been abandoned by the Trustee," so no motion was necessary. (R185.) The appellant did not appeal this decision. In February of 2012, the bankruptcy case was reassigned to Judge Lord. *In re Barry*, No. 08-47352, Dkt. No. 375 (Bankr. E.D.N.Y. Jan. 20, 2012). On November 8, 2013, Judge Lord issued the final decree, and closed the case. (R186.)

Following Judge Rosenthal's order, the appellees filed a foreclosure action in Kings County Supreme Court on August 9, 2012. (R219.) The appellees sought a deficiency judgment in addition to foreclosure.[4] (R351.) The appellant opposed both the foreclosure and the deficiency judgment, claiming that the proceedings violated the automatic stay in the pending bankruptcy case. (R353.) In September of 2014, over the appellant's protests, the Supreme Court issued a judgment of foreclosure and sale. (R219.) At the foreclosure auction, the appellees submitted the highest offer of $1.8 million, and on January 20, 2016, received the deed to the Property. (R104.) After they foreclosed on the Property, the appellees moved for a deficiency judgment for the outstanding defaulted debt. (R105.) On April 5, 2016, the Supreme Court awarded the appellees a deficiency judgment of $1,176,971.60. (*Id.*) The appellant

---

[4] Neither party has included the foreclosure complaint in the appellate record, but the parties do not dispute that the appellees sought a deficiency judgment as part of the foreclosure action. (*See* R356.)

3

appealed the foreclosure and deficiency judgment; the New York Court of Appeals dismissed the appeal on May 10, 2016. (R38–39.)

On July 20, 2016, the appellant brought a *pro se* adversary proceeding in Bankruptcy Court—even though the bankruptcy action was closed in 2013—alleging that the appellees litigated the foreclosure and deficiency judgment in contravention of the automatic stay. (R7–36.) He also claimed that the appellees trespassed on the Property, and improperly sold the personal belongings that the appellant kept in the building. (*Id.*) The appellant asked that the Bankruptcy Court void the deficiency and foreclosure judgments, award $2,000,000 in compensatory and punitive damages, require the appellees to provide an accounting of the personal effects sold, and appoint a *guardian ad litem*. (*Id.*)

On March 10, 2017, the appellees moved to dismiss the adversary proceeding. (R99–100.) The appellees argued that neither the foreclosure nor the deficiency judgment proceedings violated the automatic stay because they sought leave from the bankruptcy court prior to initiating the state court action. (R109–113.) Further, the appellees argued that they did not seek the deficiency judgment until after the automatic stay was lifted. (*Id.*) According to the appellees, the appellant's claims were barred by the Rooker–Feldman doctrine and *res judicata* because the state court had already rejected his arguments that the appellees violated the stay. (R106–09.) On March 17, 2017, the appellant opposed the motion to dismiss.[5]

Judge Lord heard the motion to dismiss on March 28, 2017. At the hearing, the appellant claimed, despite Judge Rosenthal's finding that the appellees' motion for leave from the stay was moot, that the appellees' state foreclosure action violated the automatic stay. Judge Lord

---

[5] On March 8, 2017, the appellant moved for summary judgment. (R242.) At the March 28, 2018 hearing, Judge Lord stayed the summary judgment motion until the resolution of the motion to dismiss to prevent any unnecessary litigation. (R371.)

4

rejected this argument, and explained that under 11 U.S.C. § 362(c)(1), a stay does not protect a property once it is no longer part of the bankruptcy estate; in this case, the stay against the Property terminated in 2010 when the Trustee abandoned the bankruptcy estate's interest in the Property. (R331–32); *see* 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate . . . continues until such property is no longer property of the estate."). Accordingly, Judge Lord concluded that the appellees did not violate the automatic stay. (R347–48.)

Judge Lord also rejected the appellant's argument that the deficiency judgment action violated the automatic stay. According to the appellant, by listing a deficiency judgment as a possible form of relief in the foreclosure action, the appellees sought to recover on the deficiency while the automatic stay was in effect. Judge Lord explained that there were "many layers" to the conclusion that this claim could not survive the motion to dismiss. (R356.) First, the appellees had specifically asked for leave from the stay to enforce their rights "under the Mortgage Note," and Judge Rosenthal found that no relief from the stay was needed to seek this remedy. (R355–56.) The appellees were entitled to rely on Judge Rosenthal's ruling that the motion was moot, and to seek a deficiency judgment as part of the foreclosure action. (*Id.*)

Second, Judge Lord found that the automatic stay had terminated under 11 U.S.C. § 362(c)(2) before the appellees sought the deficiency judgment. The appellees did not bring a deficiency action against the appellant until February 2016, when they moved for a deficiency judgment after establishing that the proceeds of the foreclosure auction would not cover the defaulted debt. (R350–51.) The appellees did not pursue a deficiency judgment until after the stay was terminated, either in 2010, when the appellant voluntarily waived discharge, or in 2013, when the bankruptcy case was closed. (R350–53); *see* 11 U.S.C. § 362(c)(2)("the stay of any other act . . . continues until the earliest of—(A) the time the case is closed; (B) the time the case

is dismissed; or (C) if the case is a case under chapter 7 . . . , the time a discharge is granted or denied").

Third, Judge Lord held that the Rooker–Feldman doctrine deprived her of subject matter jurisdiction to review the adverse, final state court judgments because the state court had rejected the same arguments regarding the violation of the stay. (R356–57 ("[E]ven if it was a violation you raised it and the Judge did not accept that and issued it anyway. So now you have a [Rooker]–Feldman [issue] and I have no jurisdiction."), R359, R362, R365, R367.)

Last, Judge Lord found that the equities weighed in the appellees' favor, because they took the precaution of seeking leave from the Bankruptcy Court to initiate foreclosure proceedings and seek relief under the mortgage note. (R365–66.)

For these reasons, Judge Lord dismissed the appellant's foreclosure and deficiency judgment claims with prejudice.[6] Judge Lord later memorialized this ruling in the April 14, 2017 written order. (R265–66.)

The appellant appeals Judge Lord's decision, reiterating his arguments that the foreclosure and deficiency judgment actions violated the automatic stay. (ECF No. 6.) I find no reason to disturb Judge Lord's well-reasoned decision. The appeal is dismissed.

## DISCUSSION

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error." *Wenegieme v. Macco*, No. 17–CV–1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly

---

[6] Judge Lord adjourned hearing the motion to dismiss the claims concerning the appellant's personal belongings. (R371–72.)

6

erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

A district court reviewing a bankruptcy court's order on appeal "may affirm . . . on grounds different from those relied on by the court below." *In re Fischer*, No. 01–CV–2717, 2001 WL 1923359, at *10 (E.D.N.Y. Aug. 21, 2001); *see Mendelsohn v. Ross*, 251 F. Supp. 3d 518, 526 (E.D.N.Y. 2017) ("Courts reviewing appeals of orders may affirm on other grounds.") (citing *Davis v. New York*, 106 F. App'x 82, 83 (2d Cir. 2004)); *In re Ocean Rig UDW Inc.*, 585 B.R. 31, 35 (S.D.N.Y. 2018) ("The Court may affirm on any ground that finds support in the record and need not limit its review to the bases raised or relied upon in the decisions below.").

The appellant is proceeding *pro se*, so I hold his submissions "to less stringent standards" than those of lawyers, and interpret his brief to raise the strongest arguments it suggests. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The appellant claims that the bankruptcy court "erred in finding that [the] foreclosure action against the Debtor . . . was not a violation of the Automatic Stay," and specifically challenges the ruling "that abandonment of [a] property . . . permit[s] the naming of the Debtor in a foreclosure action" and ceases to protect the "abandoned property itself." (ECF No. 6 at 15; *see id.* at 5, 6, 16.) Even a liberal interpretation of the appellant's argument makes it is clear that while he frames his claims as a challenge to Judge Lord's order, what the appellant actually wants is a review of Judge Rosenthal's 2012 ruling that no relief from the automatic stay was

necessary because "[t]he property listed . . . ha[d] been abandoned by the Trustee." (R185; *see* ECF No. 6 at 11, 15.) But as Judge Lord noted, the appellant did not appeal Judge Rosenthal's mootness finding (R347), nor does he claim that he could not have appealed the decision in a timely way.[7] The appellant is estopped from arguing now—over five years after Judge Rosenthal's decision—that Judge Rosenthal was wrong, and that the stay prevented the filing of a state foreclosure action.[8] *See Yagman v. Kittay*, 670 F. App'x 743, 743–44 (2d Cir. 2016) (summary order) (The appellant's failure to "appeal from the bankruptcy court's order approving the settlement" bars him from later "challenging that order."); *Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011) (summary order) ("Appellants present no evidence or arguments in this collateral attack that could not have been presented in a timely appeal from the bankruptcy court's original decision. Having failed to appeal from that decision, Appellants may not now attack it collaterally absent newly discovered evidence of fraud on the court."); *Martin v. O'Connor*, 181 F.3d 83 (2d Cir. 1999) (The plaintiff's failure "to appeal the bankruptcy court's order . . . [meant that he] is therefore estopped from raising that allegation here.") (citing *Pinckney v. Keane*, 920 F.2d 1090, 1096 (2d Cir. 1990)). Judge Lord's decision dismissing the appellant's foreclosure claim is affirmed.

The appellant also challenges Judge Lord's dismissal of his claim that the deficiency judgment action violated the automatic stay. The appellant argues that (1) Judge Rosenthal's 2012 mootness order did not permit the appellees to seek a deficiency judgment, (2) the appellees sought to recover on the deficiency in 2012, not in 2016, and (3) the voluntary waiver

---

[7] Under Fed. R. Bankr. P. 8002(a), the appellant had fourteen days to appeal Judge Rosenthal's order.

[8] Judge Lord alluded to the appellant's failure to challenge Judge Rosenthal's ruling below, but did not hold that he was estopped from appealing Judge Rosenthal's finding. (R347.) Although Judge Lord did not rely on this ground, a district court reviewing a bankruptcy court's order on appeal "may affirm . . . on grounds different from those relied on by the court below." *In re Fischer*, 2001 WL 1923359, at *10.

of discharge did not lift the automatic stay and permit the appellees to seek a deficiency judgment. (ECF No. 6 at 15–28.) The appellant does not address Judge Lord's conclusion that the Rooker–Feldman doctrine deprived her of jurisdiction to hear his deficiency claim. Judge Lord's dismissal of the deficiency claim on this ground is affirmed.[9]

Under the Rooker–Feldman doctrine, "lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998). Federal district courts are barred from reviewing a state court judgment where "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *In re Salem*, 290 B.R. at 483. Here, the appellant conceded that the state court rejected the argument he raised before Judge Lord—that the deficiency action violated the automatic stay. (R353.) In order to find in the appellant's favor, Judge Lord would have had to determine that "the state court wrongly decided the issues before it," which Rooker–Feldman does not allow. *See Hachamovitch*, 159 F.3d at 693. Moreover, under the Rooker–Feldman doctrine, the Bankruptcy Court has no jurisdiction to "vacate [the] deficiency judgment" entered in state court, because it would be a modification of a state court judgment. (R35); *See Castelle v. New York*, 39 F. App'x 665, 667 (2d Cir. 2002) (summary order) (affirming the "district court's conclusion that, as a result of the Rooker–Feldman doctrine, the court lacked jurisdiction to invalidate or

---

[9] The appellant argues in his reply brief that "[s]tay violations are one of the well-established exceptions to [the] Rooker–Feldman [doctrine]," but a district court hearing an appeal of a bankruptcy court order, "ordinarily will not consider issues raised for the first time in a reply brief." *See McBride v. BIC Consumer Products Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, No. 11–CV–3313, 2012 WL 527426, at *4 (S.D.N.Y. Feb. 16, 2012) (The Bankruptcy Court did not err in disregarding issue that "was raised before the Bankruptcy Court for the first time in Appellants' Reply brief in support of their 60(b) motion.").

otherwise to review the New York Supreme Court's decision vacating the liens"). Judge Lord's dismissal of the deficiency claim is affirmed.[10]

## CONCLUSION

The Bankruptcy Court's order is affirmed, the appeal is dismissed, and the Clerk of the Court is respectfully directed to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 15, 2019

---

[10] Because I affirm Judge Lord's decision on this alternate ground, I do not address the appellant's challenges to Judge Lord's dismissal of his deficiency judgment claim. (ECF No. 6 at 15–21, 23–28.) *See In re Empire Equities Capital Corp.*, No. 10–CV–5488, 2011 WL 349774, at *4 (S.D.N.Y. Jan. 31, 2011) ("Because we affirm on the above grounds, we need not address the Bankruptcy Court's alternative basis for its holding . . .").